IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

H.A.,

           Plaintiff,

v.                                        Case No. 20-2559-JAR

BLUE VALLEY UNIFIED SCHOOL
DISTRICT 229,

           Defendant.

## ORDER

The adult plaintiff filed this action under her initials, H.A., alleging claims of workplace discrimination, sexual harassment, and abuse. She has filed a motion (ECF No. 3) requesting leave to proceed in this matter under a pseudonym, i.e., by her initials instead of her full name. Because plaintiff has not demonstrated that this is an exceptional case justifying anonymity, the motion is denied.

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'"[1] The Federal Rules of Civil Procedure do not contemplate the anonymity of

---

[1] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). *See also Doe v. USD No. 237, Smith Ctr. Sch. Dist.*, No. 16-2801, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017) ("Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure. The Federal Rules of Civil Procedure do not contemplate the anonymity of parties." (internal quotation and citation omitted)); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC, 2018 WL 3389878, at *1 (D. Kan. July 12, 2018) ("Allowing an adult party to proceed under a pseudonym in federal court is, by all accounts, an unusual procedure.").

1

parties.[2]  To the contrary, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest."  These rules recognize the "substantial benefit to maintaining open court proceedings" in which the public knows the identity of litigants."[3]

Nonetheless, the Tenth Circuit has recognized that there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. [4] Adopting the standard of the Eleventh Circuit, the Tenth Circuit has ruled,

> Lawsuits are public events.  A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.  The risk that a plaintiff may suffer some embarrassment is not enough.[5]

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court.[6]  In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest."[7]  The public has an "important

---

[2] *Femedeer*, 227 F.3d at 1246.

[3] *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006).  *See also USD No. 237, Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11 ("There is a substantial benefit to maintaining open court proceedings, and thus the public has an interest in knowing the identity of litigants.").

[4] *Femedeer*, 227 F.3d at 1246.

[5] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[6] *Zavaras*, 139 F.3d at 802.

[7] *Id.* at 803.

2

interest in access to legal proceedings."[8]  Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel."[9] "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials."[10]  "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."[11]

Plaintiff asserts anonymity is appropriate because the complaint "sets forth information and allegations of a highly sensitive nature concerning [her] sexual assaults, physical and mental abuse, discrimination, harassment, and retaliation she alleges to have suffered at the hands of Defendant,"[12] and that proceeding publicly would exacerbate her injuries and lead to further harm by her abuser.

Plaintiff's first argument is that publicly disclosing her identity would cause her to incur injuries this action is brought to redress, the third category of "exceptional circumstances" recognized by the Tenth Circuit.  She predicts the case is likely to garner media attention because defendant is a public school.  She states wide exposure of her identity might further cause her to suffer symptoms of Post-Traumatic Stress Disorder, hurt

---

[8] *Femedeer,* 227 F.3d at 1246.

[9] *Id.*

[10] *Id.*

[11] *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

[12] ECF No. 3 at 1.

3

her reputation, and hinder her prospects of future employment.

While the court is sympathetic to plaintiff's position, she has cited no case in which an adult plaintiff who alleges she was sexually harassed or abused when she was an adult (as opposed to a minor) has been permitted to proceed anonymously. In *Doe H. v. Haskell Indian Nations University,* U.S. District Judge J. Thomas Marten distinguished cases involving complaints of sexual abuse brought by adults from those brought by minors.[13] In denying an adult plaintiff's motion to prosecute her sexual-assault/hostile-environment case under a pseudonym, Judge Marten noted, "Courts facing similar actions for sexual assaults or harassment by employers or in university settings have generally required adult plaintiffs to proceed in their own name."[14]

Plaintiff attempts to demonstrate that this case is the exception by noting the complaint alleges she has suffered severe emotional distress and psychological harm. But such was also the case in *Haskell*, where the court concluded that relying on "allegations alone," without "evidentiary support for these claims in conjunction with [a] motion to proceed by pseudonym," was insufficient to warrant anonymity.[15] This court reached the same conclusion in *C.S. v. EmberHope, Inc.*, finding an adult plaintiff who stated "in

---

[13] 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017).

[14] *Id.*

[15] *Id.*

4

conclusory fashion, that 'there is potential for real danger of physical, emotional, and psychological harm' if her identity is disclosed," but who "supplie[d] no particularized facts or evidentiary support for these claims of emotional suffering," did not meet her burden of showing her need for anonymity outweighs the public's interest in open court proceedings.[16]   Plaintiff has presented nothing beyond her complaint to support her allegations.

Plaintiff next argues she should be permitted to proceed anonymously because she faces real danger or physical harm at the hands of her alleged abuser and/or the abuser's friends if her identity is disclosed.[17]   In support, plaintiff points to allegations in her complaint that the alleged abuser shoved plaintiff on two occasions when they were voluntarily together and that the alleged abuser's "friends in law enforcement" texted plaintiff that she had "ruined" the alleged abuser's birthday celebration.[18]   Plaintiff again cites no specific evidence, nor provides any affidavits or declarations, in support of these vague allegations.[19]   Moreover, the court has no doubt the alleged abuser will learn of this lawsuit in the very near future, if she hasn't already, as defendant formulates its response

---

[16] No. 19-2612-KHV, 2019 WL 6727102, at *2 (D. Kan. Dec. 11, 2019).  *See also Raiser*, 127 F. App'x at 411 ("He did not present any particularized evidence, however, relating to any mental or psychiatric history, nor any particularized reasons why proceeding publicly would cause him real psychological or physical injury.").

[17] ECF No. 4 at 5.

[18] ECF No. 1 at ¶106.

[19] Plaintiff has not claimed to have suffered physical harm by any of these acts.

5

to the complaint. It is unclear what additional danger proceeding publicly would inflict upon plaintiff.

Finally, plaintiff argues that because the complaint alleges matters of a highly sensitive and personal nature—sexual assault, and mental and emotional abuse—her identity should be protected. But, as plaintiff concedes and as the court discussed above, cases involving the alleged sexual assault of adults generally are not deemed to meet the "exceptional circumstances" standard for anonymity. Plaintiff has failed to meet her burden of demonstrating a different result is warranted here.

In the end, plaintiff has offered no support that would justify weighting her privacy above the public's significant interest in open legal proceedings.

IT IS THEREFORE ORDERED that plaintiff's motion to proceed under a pseudonym is denied. Because the Tenth Circuit has held that the failure to proceed in a plaintiff's true name, if not cured, is a jurisdictional defect,[20] the court will grant plaintiff leave until **November 25, 2020**, to file an amended complaint that substitutes plaintiff in her real name.

Dated November 9, 2020, in Kansas City, Kansas.

                                              s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge

---

[20] See *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).