UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HILARIE ANDREWS,

     Plaintiff,

     v.                                    Case No. 20-2559-JAR

BLUE VALLEY UNIFIED SCHOOL
DISTRICT 229,

     Defendant.

## ORDER

     The plaintiff, Hilarie Andrews, brings this suit against her former employer, defendant Blue Valley Unified School District 229, asserting claims under Title VII, the Family and Medical Leave Act, the Americans with Disabilities Act, and Section 1983. Defendant has filed a motion (ECF No. 62) to compel a mental examination of plaintiff under Fed. R. Civ. P. 35 and to extend certain scheduling-order deadlines to accommodate the examination. Plaintiff objects to the request as untimely, and alternatively, asks the court to impose conditions on the examination. For the reasons set forth in this order, defendant's motion is granted.

Background

     Plaintiff was employed by defendant as a school counselor and cross-country coach between the summer of 2016 and March of 2019. Plaintiff claims that during her employment, she was subjected to sexual harassment, physical and sexual assault, and retaliation by her superior, and that she was subjected to discrimination and retaliation by administrators within the District. Plaintiff alleges she has suffered "severe emotional

distress" and has been diagnosed with Post Traumatic Stress Disorder ("PTSD") as a result of the conduct alleged in her complaint.

On September 27, 2021, defendant filed the instant motion seeking a court order compelling plaintiff to appear for a mental examination on November 2, 2021, by Dr. Christina Pietz in Kansas City, Missouri. Defendant's motion also seeks to extend certain deadlines set in the amended scheduling order (ECF No. 46) to accommodate the examination—specifically, the October 4, 2021 deadline for physical and mental examinations; the October 25, 2021 deadline for defendant's expert disclosures; the November 15, 2021 deadline for rebuttal expert disclosures; and the December 3, 3021 deadline for the completion of all discovery, for the limited purpose of conducting depositions of any rebuttal experts. Given the time-sensitive nature of the motion, the court entered an order (ECF No. 64) expediting the deadlines to file a response and reply, and the parties timely filed their respective briefs on September 29, 2021 and September 30, 2021 (ECF Nos. 65 and 66, respectively).

Although the parties agree that a mental examination of plaintiff is appropriate in this case, they disagree as to the timeliness of the request and on the terms of the examination. Specifically, they disagree on the following issues: (1) the use of identified "personality" assessments; (2) whether the examination may be videorecorded; and (3) the day of the week on which the examination will occur.[1]

---

[1] The court observes that the parties initially disagreed about whether physical or mental examinations pursuant to Fed. R. Civ. P. 35 are appropriate in this case (*see* ECF No. 18 at 5). However, plaintiff indicates that after conferring regarding defendant's proposed

Timeliness

As earlier stated, the amended scheduling order, entered August 24, 2021, set a deadline of October 4, 2021, for physical and mental examinations.  Under the scheduling order, the parties are instructed to file a motion regarding any Rule 35 examination sufficiently in advance of that deadline "in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, and for the examination to be conducted, all before the deadline expires."[2]  Plaintiff argues defendant's request is untimely, pointing out that defendant did not indicate its intent to conduct a mental examination of plaintiff until September 14, 2021, three weeks before the deadline, and that the proposed examination date falls one month after the deadline.

The court is unimpressed with plaintiff's timeliness objection.  Plaintiff agrees that a mental examination is appropriate in this case and, as both parties observe, she has disclosed her own treating provider as an expert to testify as to a causal connection between defendant's alleged conduct and plaintiff's alleged emotional distress, anxiety, depression, and/or PTSD.   Further, when defendant first raised the issue of plaintiff's mental examination (via email on September 14, 2021), defendant indicated that November 2, 2021 was Dr. Pietz's first available date and sought plaintiff's agreement to modify the scheduling-order deadlines for mental examinations, defendant's expert disclosures, and rebuttal expert disclosures.   The parties conferred via email and telephone thereafter,

---

mental examination, the parties disagree as to the "appropriate parameters" of any exam. *See* ECF No. 65 at 2.

[2] ECF No. 18 at 5-6.

discussing only the parameters of the examination and without any indication that plaintiff opposed the proposed modifications to the scheduling order to accommodate the examination.  Under these circumstances, the court declines to deny defendant's request for a Rule 35 examination as untimely and finds good cause to amend the scheduling order.

<u>Rule 35 Medical Examination Standard</u>

Rule 35, which governs physical and mental examinations, provides: "The court where the action is pending may order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Parties have no inherent right to this examination; the court must grant permission.[3]  To obtain permission for a mental examination, the moving party must show that 1) the subject's mental condition is in controversy and 2) that good cause exists to conduct the examination.[4] Although defendants must provide more than mere conclusory allegations,[5] the pleadings alone may be sufficient to meet these requirements.[6]  Rule 35 also requires the movant to specify the "time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Generally, the court

---

[3] *Thiessen v. Gen. Elec. Capital Corp.*, 178 F.R.D. 568, 570 (D. Kan. 1998)).

[4] Fed. R. Civ. P. 35(a); *Mayfield v. Harvey Cty. Sheriff's Dep't*, No. 6:14-CV-01307-JTM, 2016 WL 6277704, at *2 (D. Kan. Oct. 27, 2016); *Kankam v. Univ. of Kan. Hosp. Auth.*, No. 07-2554-KHV, 2008 WL 4369315, at *3 (D. Kan. Sept. 23, 2008).

[5] *Thiessen*, 178 F.R.D. at 570.

[6] *Jones v. Greyhound Lines, Inc.*, No. 08-1185-MLB-DWB, 2009 WL 1650264, at *2-3 (D. Kan. June 2, 2009).

should liberally construe the rule in favor of granting discovery.[7]

The court finds, and there's no dispute, that there's good cause for the mental examination generally.  What's disputed are the conditions of the examination.  The party seeking to impose conditions must establish good cause why the court should impose them.[8]  The court should balance the competing considerations and set "such conditions for the examination as are just."[9]

Personality Assessments

Defendant has proposed one eight-hour session for the examination, with a 30-minute lunch break at midday.  Dr. Pietz has determined that the examination will include a clinical interview and administration of the Minnesota Personality Inventory-2, Personality Assessment Inventory, and Clinically Administered PTSD Scale for DSM-5. Dr. Pietz indicates she may be able to shorten the session if plaintiff completes the components of the evaluation more quickly.

Plaintiff requests that "the purpose of the examination be limited to evaluating the nature and extent of plaintiff's emotional distress damages allegedly attributable to the alleged misconduct of defendant and its employees, including her PTSD diagnosis."[10] Plaintiff asks the court to prohibit defendant from subjecting plaintiff to the proposed

---

[7] *Id.* at 3.

[8] *Schumacher v. Hardwoods Specialty Prod., US, LP*, No. 18-4130-HLT-KGG, 2019 WL 3340624, at *1 (D. Kan. July 25, 2019).

[9] *Id.*

[10] ECF No. 65 at 4.

written personality tests, i.e., the Minnesota Personality Inventory-2 and Personality Assessment Inventory. Finally, plaintiff requests—should she be subjected to written testing—that she be provided a copy of her testing materials (i.e., answer sheets., testing booklets, and any instructions) immediately upon completion, to be shared with her counsel. In support of these requests, plaintiff speculates that the proposed "personality tests" are intended to bolster "false accusations concerning plaintiff's mental health and/or mislabel plaintiff with an alleged disordered personality, which could further damage her professional reputation and counseling career, and exacerbate [her] emotional distress."[11] Plaintiff also argues she should not be forced to endure "lengthy exams or complete onerous questionnaires that could exacerbate her symptoms of emotional distress."[12]

Defendant refers to Dr. Pietz's sworn declaration, wherein she represents that the assessments are a part of her normal battery of evaluation tools during a psychological evaluation of an adult purporting to suffer from PTSD, and that they're some of the most widely used and best researched assessments in the United States. Further citing Dr. Pietz's declaration, defendant argues the Minnesota Personality Inventory-2 and Personality Assessment Inventory are not "personality tests," as their names suggest, but are "objective assessments" that will allow Dr. Pietz to determine whether any clinical diagnoses are appropriate for plaintiff, plaintiff's alleged emotional distress, and the causes of her emotional distress. Defendant highlights Dr. Pietz's statement that she cannot conduct a

---

[11] ECF No. 65 at 4.

[12] *Id.*

thorough or complete evaluation without including these assessments.

As an initial matter, the court finds that eight hours isn't inherently excessive,[13] and declines to the limit the examination on this basis.  The court is unpersuaded by plaintiff's speculative assertions as to the improper purpose behind the "personality tests" insofar as they're unaccompanied by any underlying support.  With respect to plaintiff's request for testing materials, the court finds plaintiff's basis for this condition (i.e., to ensure that her answers are "accurately maintained and not comprised") similarly unpersuasive.[14]  Unlike in *Greenhorn v. Marriott Intern., Inc.*,[15] which plaintiff cites for the proposition that the court saw "no reason" not to grant a similar request, here defendant opposes the request based on Dr. Pietz's assertion that it constitutes a violation of copyright laws.  Defendant also argues the request is unnecessary where Dr. Pietz has indicated she will type copious notes during her evaluation to which plaintiff's counsel will have access. Plaintiff's proposed conditions regarding the "personality" assessments and testing materials are denied.

Videorecording

Plaintiff requests that any mental examination be videorecorded "to ensure the examination is conducted in a fair manner" and "free from misconduct by any party."[16]

---

[13] *Callahan v. Unified Gov't of Wyandotte Cty./Kansas City Kan.*, No. 11-2621-KHV, 2013 WL 4549158, at *3 (D. Kan. Aug. 28, 2013) (finding a potential eight-hour examination was not unreasonable).

[14] ECF No. 65 at 5.

[15] 216 F.R.D. 649 (D. Kan. 2003).

[16] ECF No. 65 at 5.

Plaintiff cites *Schaeffer v. Sequoyah Trading & Transportation*[17] for the proposition that courts have ordered the videorecording of mental examinations to ensure a fair examination free of misconduct.  Defendant opposes the request based on Dr. Pietz's representation that videotaping a session presents another means of possible interference or distraction, as it may impair her rapport with plaintiff or taint plaintiff's responses.  Defendant also cites Dr. Pietz's representation that she has only allowed an evaluation to be videotaped five times in her 30-year career, twice involving high-profile criminal cases and court orders, and three times at the agreement of both parties and by court order.

Here again, plaintiff has the burden to show good cause.[18]  The court has the discretion to evaluate the decision on a case-by-case basis.[19] Courts have been more inclined to grant videotaping in cases where the interview subject has cognitive or memory issues[20] or is a non-English speaker.[21]  In that regard, the court agrees with defendant that *Schaeffer* is factually distinguishable, where, among other circumstances, the plaintiff had

---

[17] 273 F.R.D. 662 (D. Kan. 2011).

[18] *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 628 (D. Kan. 1999).

[19] *Id.*

[20] *See, e.g., Rowan v. Sunflower Elec. Power Corp.*, No. 15-CV-9227-JWL-TJJ, 2016 WL 5109946, at *2 (D. Kan. Sept. 20, 2016) (where the plaintiff had brain damage that caused memory, cognitive, and mood difficulties).

[21] *See, e.g., Maldonado v. Union Pac. R. Co.*, No. 09-1187-EFM, 2011 WL 841432, at *3 (D. Kan. Mar. 8, 2011) (where the adult plaintiff had memory and cognitive issues, had a third-grade education, and was a non-English speaker).

memory and cognitive issues, and transcripts raised "serious doubt as to whether plaintiff will be capable of providing any assistance to his attorney in understanding what took place during the examination."[22]  Plaintiff hasn't alleged (much less presented evidence) that Dr. Pietz will conduct the examination in an unfair manner or otherwise engage in misconduct.[23]  Plaintiff's stated preference for a fair examination, standing alone, is insufficient to require that her examination be videorecorded.  Plaintiff's request to videotape the examination is denied.

Day of the examination

Plaintiff requests that any exam take place on a Saturday or Sunday based on her concern that missing work will jeopardize her recently-secured replacement employment. Defendant opposes the request, first pointing out that plaintiff has provided no support for the proposition that she will suffer adverse employment consequences for attending a one-day examination.  Defendant asserts that the location proposed for the mental examination is a facility primarily open during the regular work week, and to conduct the examination on the weekend will require extra charges, without the same staffing.  Defendant also reiterates that November 2, 2021 is Dr. Pietz's first available date, and to accommodate plaintiffs' request will cause further delay.

Ultimately, the court concludes that for a one-day examination in a lawsuit that

---

[22] *Schaeffer*, 273 F.R.D. at 664.

[23] *Schumacher*, 2019 WL 3340624, at *4 (comparing the decision not to allow recording with a situation where recording was allowed because the doctor had ignored prior court orders imposing conditions during examinations).

plaintiff has filed, plaintiff's vague concern about missing work is insufficient to justify a requirement that the examination be conducted over the weekend.

IT IS THEREFORE ORDERED that defendant's motion (ECF No. 62) is granted, and the court extends the requested amended scheduling order deadlines as follows: November 2, 2021, for physical and mental examinations; November 15, 2021, for defendant's expert disclosures; December 6, 2021, for rebuttal expert disclosures; and December 19, 2021, for the completion of all discovery, for the limited purpose of deposing any rebuttal expert. The court sua sponte moves the proposed pretrial order deadline from December 13, 2021, to December 20, 2021.

Dated October 6, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge